FOR PUBLICATION

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

| | |
|---|---|
| In re: | |
| INNOVATIVE COMMUNICATION COMPANY, LLC, et al. | Civil No. 2007-106 |
| | Chapter 11 |
| Debtor. | Case No. 06-30008 (JKF) |
| | |
| In re: | Civil No. 2007-105 |
| JEFFREY J. PROSSER | Chapter 11 |
| | Case No. 06-30009 (JKF) |
| Debtor. | |

ATTORNEYS:

**Michael J. Lichtenstein, Esq.**
Rockville, MD
  For Jeffrey J. Prosser,

**Robert F. Craig, Esq.**
Omaha, NE
  For Jeffrey J. Prosser and Innovative Communication Company LLC,

**Thomas Alkon, Esq.**
St. Croix, U.S.V.I.
  For Jeffrey J. Prosser and Innovative Communication Company Inc.

**A. Jeffrey Weiss, Esq.**
St. Thomas, U.S.V.I.
  For Jeffrey J. Prosser,

**Kevin A Rames, Esq.**
St. Thomas, U.S.V.I.
  For Innovative Communication Company LLC,

**Richard H. Dollison, Esq.**
St. Thomas, U.S.V.I.
  For Greenlight Capital Qualified, L.P., Greenlight Capital, L.P., Greenlight Capital Offshore, Ltd.,

*In re: Innovative Communication Company, LLC, et al.*
Civil Nos. 2007-105 and 2007-106
Bench Memorandum
Page 2

**Thomas J. Allingham II, Esq.**
Wilmington, DE
    *For Greenlight Capital Qualified, L.P., Greenlight Capital, L.P., Greenlight Capital Offshore, Ltd.,*

**Charles S. Russell, Jr., Esq.**
St. Thomas, U.S.V.I.
    *For Rural Telephone Finance Cooperative,*

**J. Daryl Dodson, Esq.**
St. Thomas, U.S.V.I.
    *For Rural Telephone Finance Cooperative,*

**William R. Greendyke, Esq.**
Houston, TX
    *For Rural Telephone Finance Cooperative.*

**Jeffrey K. Cymbler, Esq.**
New York, NY
    *For James P. Carroll.*

**Michaela C. Crocker, Esq.**
Dallas, TX
    *For Stan Springel.*

**Craig V. Rasile, Esq.**
Miami, FL
    *For Stan Springel.*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court is the appeal of the debtor-appellant,[1] Jeffrey J. Prosser ("Prosser"), of the Bankruptcy Division's

---

[1] The appeal was brought by Prosser alone. By order dated September 10, 2007, the Court granted Prosser's motion to consolidate the appeals in the two above-captioned bankruptcy cases.

*In re: Innovative Communication Company, LLC, et al.*
Civil Nos. 2007-105 and 2007-106
Memorandum Opinion
Page 3

August 2, 2007, "Order Declaring That the Terms and Conditions of Settlement of Claims of RTFC, CFC, Prosser Parties, and Greenlight Entities is Not Assumable" (the "Order").

## I. FACTUAL AND PROCEDURAL BACKGROUND

Prosser, Emerging Communications, Inc. ("Emerging") and Innovative Communication Company, LLC ("ICC-LLC") (collectively referred to as the "Debtors")[2] and their related non-debtor subsidiaries[3] provide telephone service, newspaper publishing and cable television services in the U.S. Virgin Islands.[4] Rural Telephone Finance Cooperative is a member-owned, non-profit lending cooperative based in Virginia. Greenlight Capital Qualified, L.P., Greenlight Capital, L.P., Greenlight Capital Offshore, Ltd. (collectively referred to as "Greenlight") consist of two limited partnerships organized under Delaware law and a corporation organized in the British Virgin Islands. RTFC and Greenlight are creditors of the Debtors.

---

[2] Emerging and ICC-LLC are debtors and debtors-in-possession in a jointly administered chapter 11 case pending before the Bankruptcy Division under case number 06-30008. Prosser owns 100% of the equity of Emerging. Prosser is also a debtor in a separately administered chapter 11 case before the Bankruptcy Division under case number 06-30009.

[3] The non-debtor subsidiaries consist of Innovative Communication Corporation ("ICC") and the Virgin Islands Telephone Corporation ("Vitelco").

[4] The Debtors also provide similar services in St. Maarten, the British Virgin Islands, Guadeloupe, Martinique, and eastern France.

*In re: Innovative Communication Company, LLC, et al.*
Civil Nos. 2007-105 and 2007-106
Memorandum Opinion
Page 4

On April 26, 2006, RTFC, Greenlight and the Debtors entered into an agreement (the "Settlement Agreement" or the "Agreement") to resolve various lawsuits, disputes and claims among the parties.[5] The Agreement provided that the Debtors could discharge RTFC's and Greenlight's claims against them amounting to at least $600 million[6] for the discounted amount of $402 million. The Agreement contemplated that the Debtors would obtain outside financing and make the payment on or before July 31, 2006.[7]

---

[5] The full factual background of the events leading to the execution of the Settlement Agreement is unnecessary for the purposes of the motion now before the Court.

[6] Prosser's motion states that RTFC and Greenlight have asserted claims that "exceed $600 million in the aggregate" while RTFC's brief opposing the motion states that these claims amount to "more than $650 million." (Debtor-Appellant's Emergency Mot. at 5 n.3); (Appellee's Br. at 10.)

[7] The relevant provisions of the Agreement are as follows:

> In consideration of the covenants and agreements of RTFC, CFC and the Greenlight Entities described below, and in settlement and compromise of all claims, actions, suits and proceedings among and between the Parties, on or before July 31, 2006 (the "Payment Deadline"), the Prosser Parties shall cause the Alleged Debtors to pay . . . to RTFC and the Greenlight Entities, in full and complete satisfaction of all claims of RTFC, CFC and the Greenlight Entities against the Prosser Parties, the aggregate sum of $402 million (US) in immediately available funds (the "Payment") . . .
> If, however, the Payment is not made on or before the Payment Deadline, then effective upon 12:01 a.m. on August 1, 2006, the Payment Documentation shall be returned to RTFC and the Greenlight Entities and shall

*In re: Innovative Communication Company, LLC, et al.*
Civil Nos. 2007-105 and 2007-106
Memorandum Opinion
Page 5

    The Debtors did not secure final financing commitments by the July 31, 2006 deadline and did not pay RTFC or Greenlight any of the $402 million stipulated in the Settlement Agreement. On July 31, 2006 -- the day of the payment deadline -- the Debtors filed chapter 11 bankruptcy petitions in the Bankruptcy Division.

    On September 25, 2006, the Debtors filed a joint motion requesting that the Bankruptcy Division authorize the assumption of the Settlement Agreement on the ground that the Debtors had received commitment letters for outside financing. On September 29, 2006, the Bankruptcy Division ordered the Debtors to file an amended motion by November 3, 2006 containing documentation of a binding commitment from an outside financing source. On November 3, 2006, the Debtors filed an amended motion in which they stated that they had not received a binding commitment.[8] On November 8, 2006, the Bankruptcy Division denied the Debtors' amended motion, citing impossibility of performance.

    On March 15, 2007, the Bankruptcy Division entered an order appointing Stan Springel (the "Trustee") as trustee to operate the Debtors' business. On June 1, 2007, RTFC and Greenlight

---

become void and of no further force or effect.

(Debtor-Appellant's Br. at 9-10.)

    [8] The Debtors also stated that they had made "prodigious good faith efforts" to secure financing and had received a letter of intent "from a world-class, global financial institution . . . ." (Debtors' Amended Joint Mot. at 4.)

*In re: Innovative Communication Company, LLC, et al.*
Civil Nos. 2007-105 and 2007-106
Memorandum Opinion
Page 6

filed separate motions seeking an order declaring that the Settlement Agreement is not assumable. On June 18, 2007, Prosser filed a motion opposing RTFC's and Greenlight's motions. On that same date, the Trustee filed a Position Statement in support of RTFC's and Greenlight's respective motions.

On July 19, 2007, the Bankruptcy Division issued an oral ruling that the Settlement Agreement is not assumable. The Bankruptcy Division issued a written opinion to this effect on August 2, 2007, reasoning that the Agreement is not assumable because it is not executory.

On August 10, 2007, Prosser filed a notice of appeal of the Bankruptcy Division's ruling and on August 15, 2007 filed the appeal now before this Court.[9]

On October 3, 2007, the Bankruptcy Division converted Prosser's voluntary Chapter 11 petition to a liquidation pursuant to Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 701 *et seq.* ("Chapter 7"). James P. Carroll ("Carroll") was appointed as the Chapter 7 trustee of the bankruptcy estate of Prosser and continues to serve in that capacity.[10] On October 5,

---

[9] Prosser timely filed his appeal in accordance with Federal Rule of Bankruptcy Procedure 8002(a), which states that "notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." FED. R. BANKR. P. 8002(a).

[10] Carroll was appointed Chapter 7 trustee after John Ellis ("Ellis"), the initial trustee, resigned from that position on

*In re: Innovative Communication Company, LLC, et al.*
Civil Nos. 2007-105 and 2007-106
Memorandum Opinion
Page 7

2007, Prosser moved the Bankruptcy Division to reconsider its October 3, 2007, order converting the matter to a Chapter 7 liquidation proceeding. That motion was denied by an order entered by the Bankruptcy Division on November 29, 2007.

On March 20, 2008, Prosser filed emergency motions in the Bankruptcy Division to stay certain orders entered by that court pending appeal of those orders to this Court. On March 26, 2008, before the Bankruptcy Division ruled on Prosser's motions, Prosser filed identical motions to stay directly in this Court. The Court denied those motions on several grounds, including Prosser's failure to comply with Federal Rule of Bankruptcy 8005. Specifically, the Court found that Prosser had failed to demonstrate why the relief he sought from this Court could not be obtained from the Bankruptcy Division.

On May 27, 2008, Prosser filed another emergency motion to stay in this Court. In that motion, Prosser seeks to stay an order of the Bankruptcy Division authorizing the sale of certain assets pending the appeal now before the Court.

## II.    JURISDICTION AND STANDARD OF REVIEW

The Court has jurisdiction to review this case pursuant to Title 28 U.S.C. § 158(a).[11] The Court will review the Bankruptcy

---

October 31, 2007.

[11] Title 28 U.S.C. § 158(a) provides that "[t]he district courts of the United States shall have jurisdiction to hear

In re: Innovative Communication Company, LLC, et al.
Civil Nos. 2007-105 and 2007-106
Memorandum Opinion
Page 8

Division's findings of fact for clear error and will exercise plenary review over questions of law. *In re Barbel*, No. 01-221, 2004 U.S. Dist. LEXIS 19417, at *2 (D.V.I. Sept. 21, 2004) ("A district court reviews the Bankruptcy Division's conclusions of law *de novo* but may only review findings of fact that are clearly erroneous.") (citing FED. R. BANKR. P. 8013; *In re Excalibur Auto. Corp.*, 859 F.2d 454, 457 (7th Cir. 1988)), *aff'd* 183 Fed. Appx. 227 (3d Cir. 2006). The question whether a contract is executory is a legal one subject to *de novo* review. *In re Midwest Portland Cement Co.*, 174 Fed. Appx. 34, 35 (3d Cir. 2006) (citing *In re Sunterra Corp.*, 361 F.3d 257, 263 (4th Cir. 2004)).

### III. **ANALYSIS**

Generally, in order to be assumable for bankruptcy purposes, a contract must be executory. *See Schlumberger Res. Mgmt. Servs. v. CellNet Data Sys. (In re CellNet Data Sys.)*, 327 F.3d 242, 249 (3d Cir. 2003). An executory contract is "a contract under which the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other." Vern Countryman, *Executory*

---

appeals . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under [28 U.S.C. § 157]. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving." 28 U.S.C. § 158(a) (Lexis 2008).

*In re: Innovative Communication Company, LLC, et al.*
Civil Nos. 2007-105 and 2007-106
Memorandum Opinion
Page 9

*Contracts in Bankruptcy, Part 1*, 57 MINN. L. REV. 439, 460 (1973); *In re General Datacomm Indus.*, 407 F.3d 616, 623 (3d Cir. 2005) (stating that Countryman's definition is "the controlling definition of 'executory contract'"); *In re Columbia Gas Sys. Inc.*, 50 F.3d 233, 239 (3d Cir. 1995) ("Unless both parties have unperformed obligations that would constitute a material breach if not performed, the contract is not executory . . . ."); *Sharon Steel Corp. v. National Fuel Gas Distribution Corp.*, 872 F.2d 36, 39 (3d Cir. 2000).

The Bankruptcy Division reasoned that RTFC's and Greenlight's obligation to discharge their claims against the Debtors constituted a condition the occurrence of which was to be triggered by the Debtors' payment to RTFC and Greenlight of $402 million by July 31, 2006. According to the Bankruptcy Division, because the Debtors' $402 million payment had to occur by July 31, 2006 and in fact did not occur, RTFC's and Greenlight's conditional obligation to discharge their claims never matured. As a consequence, the Bankruptcy Division found that RTFC and Greenlight had no obligation to perform and therefore could not commit a material breach. This Court agrees with the Bankruptcy judge.

"There is a distinction in the law between failure of a condition and a breach of a duty: 'Non-occurrence of a condition is not a breach by a party unless he is under a duty that the

*In re: Innovative Communication Company, LLC, et al.*
Civil Nos. 2007-105 and 2007-106
Memorandum Opinion
Page 10

condition occur.'" *In re Columbia Gas Sys.*, 50 F.3d at 241 (citing RESTATEMENT (SECOND) OF CONTRACTS § 225(3) (1981)). The Restatement specifies that while "a contracting party's failure to fulfill a condition excuses performance by the other party whose performance is so conditioned, it is not, without an independent promise to perform the condition, a breach of contract subjecting the nonfulfilling party to liability for damages." *Id.* (quoting *Merritt Hill Vineyards, Inc. v. Windy Heights Vineyard, Inc.*, 460 N.E.2d 1077, 1081-82 (N.Y. 1984) (citing RESTATEMENT (SECOND) OF CONTRACTS § 225 (1981)). Thus, "if the remaining obligations in the contract are mere conditions, not duties, then the contract cannot be executory for purposes of § 365 because no material breach could occur." *Id.*

In determining whether the parties' respective obligations are conditions or duties, "the Third Circuit applies the 'plain meaning rule' of interpretation of contracts, which assumes that the intent of the parties to an instrument is 'embodied in the writing itself, and when the words are clear and unambiguous the intent is to be discovered only from the express language of the agreement.'" *Sunshine Shopping Ctr., Inc. v. Kmart Corp.*, 85 F. Supp. 2d 537, 540 (D.V.I. 2000) (quoting *Hullett v. Towers, Perrin, Forster & Crosby, Inc.*, 38 F.3d 107, 111 (3d Cir. 1994)). The Restatement (Second) of Contracts similarly provides that "[t]he interpretation of an integrated agreement is directed to

*In re: Innovative Communication Company, LLC, et al.*
Civil Nos. 2007-105 and 2007-106
Memorandum Opinion
Page 11

the meaning of the terms of the writing . . . ." RESTATEMENT (SECOND) OF CONTRACTS § 212(1) (1981).

The Restatement defines a "condition" as "an event, not certain to occur, which must occur, unless its non-occurrence is excused, before performance under a contract becomes due." RESTATEMENT (SECOND) OF CONTRACTS § 224 (1981). "An event may be made a condition either by the agreement of the parties or by a term supplied by the court." *Id.* at § 226. "No particular form of language is necessary to make an event a condition, although such words as 'on condition that,' 'provided that' and 'if' are often used for this purpose. An intention to make a duty conditional may be manifested by the general nature of an agreement, as well as by specific language." *Id.* at cmt. a. The Restatement further counsels that "[i]n case of doubt, an interpretation under which an event is a condition of an obligor's duty is preferred over an interpretation under which the non-occurrence of the event is a ground for discharge of that duty after it has become a duty to perform." *Id.* at § 227(3).

Here, the Settlement Agreement is facially unambiguous. The Agreement makes clear that "[i]f . . . the Payment is not made on or before [July 31, 2006], then effective upon 12:01 a.m. on August 1, 2006, [RTFC's and Greenlight's discharge of their claims] shall become void and of no further force or effect." (Debtor-Appellant's Br. at 10.) The Agreement also expressly

*In re: Innovative Communication Company, LLC, et al.*
Civil Nos. 2007-105 and 2007-106
Memorandum Opinion
Page 12

provides that the Debtors "shall . . . pay . . . to RTFC and the Greenlight [], in full and complete satisfaction of all claims, . . . $402 million on or before July 31, 2006." (*Id.* at 9.)

The Settlement Agreement expressly begins with the word "if" in relation to the Debtors' obligations under the Settlement Agreement. Significantly, that word is generally associated with conditionality. *See, e.g., MidAmerica Constr. Mgmt. v. Mastec N. Am., Inc.*, 436 F.3d 1257, 1263 (10th Cir. 2006) (explaining that the words "if," "provide that," and "on condition that" are "indicative of the creation of a condition precedent") (citing Black's Law Dictionary (8th ed. 2004)); *Muncy v. City of Dallas*, Civ. Nos. 99-2960, 00-588, 2001 U.S. Dist. LEXIS 18988, at *20 (N.D. Tex. Nov. 20, 2001) ("[T]he word 'if' is certainly conditional language that may specify a condition precedent.") (citation omitted). After the Settlement Agreement provides for what the Debtors are obligated to do, it includes the word "then" before describing RTFC's and Greenlight's obligations under the Agreement. The word "then" signifies that RTFC's and Greenlight's obligations do not arise unless and until the Debtors' fulfill their obligations. *See, e.g., Drinkard v. Johnson*, 97 F.3d 751, 776 (5th Cir. 1996) (Garza, J., dissenting) ("The word 'if' signals the condition of the sentence; the word 'then' signals the contingency."), *cert. denied*, 520 U.S. 1107 (1997). The decision to include such provisional language belies

*In re: Innovative Communication Company, LLC, et al.*
Civil Nos. 2007-105 and 2007-106
Memorandum Opinion
Page 13

any argument that the obligations in the Settlement Agreement were not premised on the existence of certain conditions.

The Court must give the express language of the Settlement Agreement full effect in the absence of any ambiguity. The language of the Agreement makes clear that if the Debtors do not pay $402 million to RTFC and Greenlight by July 31, 2006, RTFC and Greenlight do not have any obligation under the Agreement. The Debtors did not in fact pay $402 million to RTFC and Greenlight by July 31, 2006. Thus, RTFC's and Greenlight's obligations never matured, and by extension, RTFC and Greenlight never had a duty to perform. Absent such a duty, RTFC's and Greenlight's failure to perform their contingent obligations did not and could not constitute a material breach. Accordingly, the Settlement Agreement is neither executory nor assumable.

## IV. CONCLUSION

For the reasons give above, the Court will affirm the Bankruptcy Division's August 2, 2007, order. An appropriate order follows.

s\_____
CURTIS V. GÓMEZ
Chief Judge

*In re: Innovative Communication Company, LLC, et al.*
Civil Nos. 2007-105 and 2007-106
Order
Page 3

Memorandum Opinion of even date, it is hereby

**ORDERED** that the Bankruptcy Division's August 2, 2007, order is **AFFIRMED**.

                                                s\_____
                                                   **CURTIS V. GÓMEZ**
                                                      **Chief Judge**