**FOR PUBLICATION**

**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN**

|  |  |
|---|---|
| In re: ) | |
| ) | Civil No. 2007-156 |
| JEFFREY J. PROSSER ) | |
| ) | Chapter 11 |
| Debtor. ) | Case No. 06-30009 (JKF) |
| _____ ) | |

**ATTORNEYS:**

**Michael J. Lichtenstein, Esq.**
Rockville, MD
   *For Jeffrey J. Prosser,*

**Robert F. Craig, Esq.**
Omaha, NE
   *For Jeffrey J. Prosser and Innovative Communication Company
   LLC,*

**Thomas Alkon, Esq.**
St. Croix, U.S.V.I.
   *For Jeffrey J. Prosser and Innovative Communication Company
   Inc.*

**A. Jeffrey Weiss, Esq.**
St. Thomas, U.S.V.I.
   *For Jeffrey J. Prosser,*

**Kevin A Rames, Esq.**
St. Thomas, U.S.V.I.
   *For Innovative Communication Company LLC,*

**Richard H. Dollison, Esq.**
St. Thomas, U.S.V.I.
   *For Greenlight Capital Qualified, L.P., Greenlight Capital,
   L.P., Greenlight Capital Offshore, Ltd.,*

**Thomas J. Allingham II, Esq.**
Wilmington, DE
   *For Greenlight Capital Qualified, L.P., Greenlight Capital,
   L.P., Greenlight Capital Offshore, Ltd.,*

**Charles S. Russell, Jr., Esq.**
St. Thomas, U.S.V.I.

*In re: Jeffrey J. Prosser*
Civil No. 2007-156
Memorandum Opinion
Page 2

    *For Rural Telephone Finance Cooperative,*

**J. Daryl Dodson, Esq.**
St. Thomas, U.S.V.I.
    *For Rural Telephone Finance Cooperative,*

**William R. Greendyke, Esq.**
Houston, TX
    *For Rural Telephone Finance Cooperative.*

**Jeffrey K. Cymbler, Esq.**
New York, NY
    *For James P. Carroll.*

**Michaela C. Crocker, Esq.**
Dallas, TX
    *For Stan Springel.*

**Craig V. Rasile, Esq.**
Miami, FL
    *For Stan Springel.*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

    Before the Court is the appeal of the debtor-appellant, Jeffrey J. Prosser ("Prosser"), of the Bankruptcy Division's November 29, 2007, order denying Prosser's motion for reconsideration of the court's October 3, 2007, order converting the underlying matter from a proceeding under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 1101 *et seq.* ("Chapter 11"), to a proceeding under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 701 *et seq.* ("Chapter 7").

*In re: Jeffrey J. Prosser*
Civil No. 2007-156
Memorandum Opinion
Page 3

## I. FACTUAL AND PROCEDURAL BACKGROUND

Prosser, Emerging Communications, Inc. ("Emerging") and Innovative Communication Company, LLC ("ICC-LLC") (collectively referred to as the "Debtors")[1] and their related non-debtor subsidiaries[2] provide telephone service, newspaper publishing and cable television services in the U.S. Virgin Islands. Rural Telephone Finance Cooperative is a member-owned, non-profit lending cooperative based in Virginia. Greenlight Capital Qualified, L.P., Greenlight Capital, L.P., Greenlight Capital Offshore, Ltd. (collectively referred to as "Greenlight") consist of two limited partnerships organized under Delaware law and a corporation organized in the British Virgin Islands. RTFC and Greenlight are creditors of the Debtors.

On April 26, 2006, RTFC, Greenlight and the Debtors entered into an agreement (the "Settlement Agreement" or the "Agreement") to resolve various lawsuits, disputes and claims among the parties. The Agreement provided that the Debtors could discharge RTFC's and Greenlight's claims against them amounting to at least

---

[1] Emerging and ICC-LLC are debtors and debtors-in-possession in a jointly administered Chapter 11 case pending before the Bankruptcy Division under case number 06-30008. Prosser owns 100% of the equity of Emerging. Prosser is also a debtor in a separately administered Chapter 11 case before the Bankruptcy Division under case number 06-30009.

[2] The non-debtor subsidiaries consist of Innovative Communication Corporation ("ICC") and the Virgin Islands Telephone Corporation ("Vitelco").

*In re: Jeffrey J. Prosser*
Civil No. 2007-156
Memorandum Opinion
Page 4

$600 million for the discounted amount of $402 million. The Agreement contemplated that the Debtors would obtain outside financing and make the payment on or before July 31, 2006.

The Debtors did not secure final financing commitments by the July 31, 2006 deadline and did not pay RTFC or Greenlight any of the $402 million stipulated in the Settlement Agreement. On July 31, 2006 -- the day of the payment deadline -- the Debtors filed Chapter 11 bankruptcy petitions in the Bankruptcy Division.

On March 15, 2007, the Bankruptcy Division entered an order appointing Stan Springel (the "Trustee") as trustee to operate the Debtors' business. In an order dated April 5, 2007, the Bankruptcy Division approved the appointment of Steven A. Felsenthal (the "Examiner") as the examiner for Prosser's Chapter 11 petition.

On June 1, 2007, RTFC and Greenlight filed separate motions seeking an order declaring that the Settlement Agreement is not assumable. On July 19, 2007, the Bankruptcy Division issued an oral ruling that the Settlement Agreement is not assumable. The Bankruptcy Division issued a written opinion to this effect on August 2, 2007, reasoning that the Agreement is not assumable because it is not executory. Prosser timely appealed from the August 2, 2007, order, which was subsequently affirmed by this Court.

*In re: Jeffrey J. Prosser*
Civil No. 2007-156
Memorandum Opinion
Page 5

On October 3, 2007, the Bankruptcy Division converted Prosser's voluntary Chapter 11 petition to a liquidation pursuant to Chapter 7. James P. Carroll ("Carroll") was appointed as the Chapter 7 trustee of the bankruptcy estate of Prosser and continues to serve in that capacity. On October 5, 2007, Prosser moved the Bankruptcy Division to reconsider its October 3, 2007, order converting the matter to a Chapter 7 liquidation proceeding. That motion was denied by an order entered by the Bankruptcy Division on November 29, 2007. Prosser timely appealed the November 29, 2007, order.

## II.   JURISDICTION AND STANDARD OF REVIEW

The Court has jurisdiction to review this case pursuant to Title 28 U.S.C. § 158(a) (2005).[3]

"The bankruptcy court has broad discretion in deciding whether to dismiss or convert a chapter 11 case." *Loop Corp. v. United States Trustee*, 379 F.3d 511, 515 (8th Cir. 2004); *see also Matter of Koerner,* 800 F.2d 1358, 1367 (5th Cir. 1986) (noting that the "legislative history surrounding [Section 1112] of the Bankruptcy Act indicates that in acting upon a request for

---

[3] Title 28 U.S.C. § 158(a) provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under [28 U.S.C. § 157]. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving." 28 U.S.C. § 158(a) (Lexis 2008).

*In re: Jeffrey J. Prosser*
Civil No. 2007-156
Memorandum Opinion
Page 6

conversion, the bankruptcy court is afforded wide discretion"); *In re Albany Partners, Ltd.*, 749 F.2d 670, 674 (11th Cir. 1984) ("[D]etermination of cause under § 1112(b) is 'subject to judicial discretion under the circumstances of each case'") (citation omitted). Accordingly, this Court reviews the Bankruptcy Division's decision to convert a case from Chapter 11 to Chapter 7 for abuse of discretion. *See Matter of Halvajian*, 216 B.R. 502, 511 (D.N.J. 1998) ("An abuse of discretion standard best comports with the language, structure, and purpose of section 1112(b).") (quotation omitted); *cf*. *In re SGL Carbon Corp.*, 200 F.3d 154, 159 (3d Cir. 1999) (reviewing the decision whether to dismiss a Chapter 11 petition under an abuse of discretion standard).

"Mindful that an abuse of discretion exists where the [bankruptcy] court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact, [this Court] review[s] the findings of fact leading to the decision for clear error and exercise plenary review over the court's conclusions of law." *In re SGL Carbon Corp.*, 200 F.3d 154, 159 (3d Cir. 1999) (internal citations and quotations omitted); *see also In re Barbel*, No. 01-221, 2004 U.S. Dist. LEXIS 19417, at *2 (D.V.I. Sept. 21, 2004) ("A district court reviews the Bankruptcy Division's conclusions of law *de novo* but may only review findings of fact

*In re: Jeffrey J. Prosser*
Civil No. 2007-156
Memorandum Opinion
Page 7

that are clearly erroneous.") (citing Fed. R. Bankr. P. 8013; *In re Excalibur Auto. Corp.*, 859 F.2d 454, 457 (7th Cir. 1988)), *aff'd* 183 Fed. Appx. 227 (3d Cir. 2006).

### III. <u>ANALYSIS</u>

The bankruptcy court may convert a Chapter 11 case to one under Chapter 7 "for cause."[4] *See* 11 U.S.C. § 1112(b). Section 1112(b) provides that cause exists when one or more of the following factors, inter alia, are present: "(1) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation; (2) inability to effectuate a plan [of reorganization]; (3) unreasonable delay by the debtor that is prejudicial to the creditors; . . . ." *Id.* The list of causes in Section 1112(b) "is illustrative, not exhaustive." *C-TC 9th Ave. Pshp. v. Norton Co. (In re C-TC 9th Ave. Pshp.)*, No. 96-5068, 1997 U.S. App. LEXIS 12421, at *16 (2d Cir. May 30, 1997).

In this matter, Prosser challenges several of the Bankruptcy

---

[4] As a threshold matter, the Court notes that Prosser, as the debtor in this case, has standing to challenge the Bankruptcy Division's conversion order. Courts routinely hear appeals by debtors of orders converting a case from Chapter 11 to Chapter 7. Indeed, in most such cases, the debtors' standing to challenge those orders is taken as a given. *See*, *e.g.*, *Fraidin v. Weitzman (In re Fraidin)*, No. 95-2922, 1997 U.S. App. LEXIS 6265 (4th Cir. Apr. 3, 1997); *Thomassen v. Tiffany (In re Thomassen)*, No. 92-55603, 1993 U.S. App. LEXIS 21808 (9th Cir. Aug. 23, 1993) (not for publication); *In re Johnston*, No. NV-90-1789-ARP, 1992 Bankr. LEXIS 2114 (9th Cir. Dec. 16, 1992); *In re Pedro Abich, Inc.*, Civ. No. 92-2691, 1994 U.S. Dist. LEXIS 2612 (D.P.R. Feb. 25, 1994); *In re Silent Partner, Inc.*, Civ. No. 91-2818, 1992 U.S. Dist. LEXIS 1598 (E.D. La. Feb. 7, 1992).

*In re: Jeffrey J. Prosser*
Civil No. 2007-156
Memorandum Opinion
Page 8

Division's findings of fact to support his argument that the conversion order constitutes an abuse of discretion.[5] The Court has reviewed the entire record in this matter and, and for the reasons given below, finds that the Bankruptcy Division did not abuse its discretion in converting this case from Chapter 11 to Chapter 7.

The Bankruptcy Division found that there was no reasonable likelihood of rehabilitation of Prosser's estate because, *inter alia*, Prosser's counsel stated that the agreement and cooperation of Prosser's non-debtor spouse were necessary to confirm a plan of reorganization. The court further found no evidence that such cooperation was attendant. Those findings have ample support in the record. At a hearing before the Bankruptcy Division, for instance, counsel for Prosser stated that while he understood that the cooperation of the non-debtor spouse was necessary, such cooperation had not yet been obtained. (*See* Hr'g Tr. 80:18-24, Sept. 21, 2007.) Furthermore, Prosser stated in deposition testimony that he was uncertain whether his spouse was prepared to relinquish her rights to the proceeds from the sale of certain

---

[5] Specifically, Prosser challenges the following findings of fact: (1) that converting the case to Chapter 7 would reduce litigation costs; (2) that the United States Department of Revenue Internal Revenue Service may have a claim against Prosser; (3) that Prosser failed to cooperate with Springel or the Examiner; and (4) that Prosser is incapable of completing a plan of reorganization.

*In re: Jeffrey J. Prosser*
Civil No. 2007-156
Memorandum Opinion
Page 9

property. (*See* Prosser Dep. Tr. 12:19-23, Sept. 19, 2007.)  Based on these findings of fact, the Bankruptcy Division did not abuse its discretion in finding cause. *See* 11 U.S.C. § 1112(b)(4)(A) (stating that "cause" includes "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation").

The Bankruptcy Division also found that Prosser had failed to comply with its order requiring that he provide the Examiner and the Trustee with "immediate, full, complete and unfettered access" to particular documents and records within his control.  That finding is fully supported by the record.  For instance, the record includes an affidavit stating that despite the Bankruptcy Division's order, Prosser has "systematically and continually" denied the Trustee "any direct, and therefore useful, access" to certain documentation and records within Prosser's control.  Evidence in the record further shows that despite the Bankruptcy Division's order, Prosser failed to cooperate with the Examiner by not providing the Examiner with, *inter alia*, his personal checking account statement.  Because Prosser did not comply with the Bankruptcy Division's order, the Bankruptcy Division did not abuse its discretion in finding cause. *See* 11 U.S.C. § 1112(b)(4)(E) (stating that "cause" includes "failure to comply with an order of the court").

In light of the entire record, the Court finds that the Bankruptcy Division did not abuse its discretion in converting this case from a Chapter 11 to a Chapter 7 proceeding. The Court further finds that the Bankruptcy Division did not abuse its discretion by denying Prosser's motion for reconsideration of the conversion order. *See*, *e.g.*, *Giordano v. Oportunity Mgmt., Inc. (In re Giordano)*, Nos. 97-35736, 97-35737, 97-35971, 97-35977, 1999 U.S. App. LEXIS 30589, at *6 (9th Cir. Nov. 19, 1999) (unpublished).

## IV. CONCLUSION

For the reasons given above, the Court will affirm the Bankruptcy Division's November 29, 2007, order. An appropriate order follows.

S_____________________
**CURTIS V. GÓMEZ**
**Chief Judge**