## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## BANKRUPTCY DIVISION
## DIVISION OF ST. THOMAS AND ST. JOHN

**IN RE:**

JEFFREY J.  PROSSER,

      Debtor

Bankruptcy No.  06-30009

Chapter 7

**Related to Doc. No. 1607, Debtor's Objection to Fee Application of Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation**

**Doc. No. 1609, Debtor's Objection to Fee Application of Gazes LLC**

**Doc. No. 1610, Debtor's Objection to Fee Application of Litzler, Segner, Shaw & McKenney, LLP**

**MEMORANDUM ORDER WITH RESPECT TO THE DEBTOR'S OBJECTION TO THE FIRST AND FINAL FEE APPLICATION OF STUTZMAN, BROMBERG, ESSERMAN & PLIFKA PC; GAZES LLC; AND LITZLER, SEGNER, SHAW & MCKENNEY, LLP.[1]**

**AND NOW**, this 19th day of **August, 2008, WHEREAS** pending before this court is Jeffrey J. Prosser's (Debtor) objection to the first and final fee application of Stutzman, Bromberg, Esserman & Plifka, PC; Gazes LLC; and Litzler, Segner, Shaw & McKenney, LLP.  The Debtor objected to the fee applications on the basis that the fee applications contained entries that were unreasonable, duplicative, and/or vague;[2] and

---

[1]The court's jurisdiction was not at issue.  This Memorandum Order constitutes our findings of fact and conclusions of law.

[2]The Debtor's objections also contained other issues not addressed in this memorandum because they were ruled on and addressed from the bench.

1

**WHEREAS** Stutzman Bromberg was counsel to John Ellis, the interim Chapter 7 trustee.  Litzler Segner served as accountants to John Ellis, interim Chapter 7 trustee.  Gazes LLC represented James P. Carroll, who was appointed Chapter 7 trustee on October 31, 2007; and

**WHEREAS** a trustee's professionals are entitled to claim "reasonable compensation for actual, necessary services rendered by the . . . professional person[] or attorney and by any paraprofessional person employed by any such person."  11 U.S.C.S.§330(a)(1)(A).  The court may, in its discretion, "award compensation that is less than the amount of compensation that is required [by the fee application]."  §330(a)(2).  The Court of Appeals for the Third Circuit held that courts not only have the power to review fee applications, but have a duty to do so as well.  *Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc.*, 50 F.3d 253, 258 (3d Cir. 1995) (citing *In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 841 (3d Cir. 1994)); and

**WHEREAS** the professional seeking compensation and reimbursement of expenses under §330(a) must submit a fee application.  Fed.R.Bankr.P. 2016.  The fee application is a "detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested."  Fed.R.Bankr.P. 2016(a); and

**WHEREAS**, in addition to the standards set by Fed.R.Bankr.P. 2016(a), Virgin Islands Local Bankruptcy Rule ("Local Rule") 2016-1 provides additional standards for the "detailed statement" of the fee application.  The Local Rule provides in part:

C. Requirements of Entries: All entries shall:

1. list each service or task separately and state the amount of time expended in its performance;

2. identify the subject matter of any correspondence or phone call and the party with whom the professional or other timekeeper has communicated if the service involves telephone and/or written correspondence;

3. identify where appropriate, and in the interest of clarity, the subject matter of any hearing or trial with specificity including the case, or adversary number if the service involved is attendance at a hearing or trial;

4. identify any pleading with specificity if the service involves preparation of a pleading; and

5. include all other information necessary to a full understanding of the services performed and the person and time involved.

LR 2016-1; and

**WHEREAS** the fee application must also satisfy a reasonableness standard.  11

U.S.C.A. §330(a)(3).  In relevant part, the statute provides:

(3) In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including--

(A) the time spent on such services;

(B) the rates charged for such services;
(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title; and

**WHEREAS** the Court of Appeals for the Third Circuit addressed the issues of the reviewability of a fee application and the standards that a fee application must meet in the case of *In re Busy Beaver Building Centers, Inc.*, 19 F.3d 833 (3d Cir. 1994).  In *In re Busy Beaver*, the Chapter 11 debtor's counsel submitted a fee application that was reviewed *sua sponte* by the bankruptcy court.  *Id.* at 838.  The bankruptcy court denied compensation for certain services for two reasons:  (1) certain entries on the fee application pertained to noncompensable services and, (2) the entries on the fee application did not meet the specificity requirements set by Western District of Pennsylvania LR 9016.1 applicable at that time in the Bankruptcy Court of the Western District of Pennsylvania.

The Court of Appeals held that the bankruptcy court must find that the applicant made a good faith effort to comply with 11 U.S.C.A. §330, Fed.R.Bankr.P. 2016, and the applicable local rules.  *In re Busy Beaver*, 19 F.3d at 847.  If the court finds that the fee application does not satisfy the specificity requirements because it "is too vague or otherwise," *id.*, the court may allow the applicant the opportunity to supplement the fee application with a "more detailed description of the questionable services."  *Id.*  If the court denies some of the fees or expenses, the court must provide particular reasons for doing so and must also provide the applicant the opportunity to defend its fee application at a hearing.  *Id.*

In *In re Busy Beaver* the Court of Appeals also addressed the review of a fee application for reasonableness.  The Court of Appeals found that the reasonableness of a rate of compensation sought by a professional must be evaluated according to §330(a).  *Id.* at 848-

49.  The court stated that of the factors listed in §330(a), "the cost of comparable services factor has an overarching role to act as a guide to the value of the services rendered given their nature and extent."  *Id.* at 849.  The cost of comparable services, i.e., the market rate or market approach, provides the basis for determining a reasonable hourly rate.  The market approach requires the court to determine what nonbankruptcy attorneys "typically charge and collect from their clients fees for that particular service . . . and the rates charged and collected therefor."  *Id.*

The court articulated how the bankruptcy court should evaluate an issue under the market approach, stating that "a bankruptcy judge should use his or her experience and expertise to locate the questionable charges and fees, and once having questioned a charge or fee may properly require the applicant to meet the burden to prove the market would recompense him or her for that charge."  *Id.* at 854.  It is not, however, the responsibility of this bankruptcy court to "pin down to the nearest dollar the precise fee to which the [applicant] is ideally entitled" and is only required to "correct reasonably discernible abuses."  *Id.* at 845; and

**WHEREAS** the Bankruptcy Court for the Western District of Pennsylvania has also addressed the issue of reasonableness and held that the court must evaluate reasonableness based on the factors in §330(a)(3).  In *In re Younger*, 360 B.R. 89, 95 (Bankr.W.D.Pa. 2006), this court recognized that the "fee applicant has the burden of demonstrating that the fees requested were earned and are reasonable."  *Id.* at 97.   In *Younger*, counsel for the Chapter 13 debtor submitted a fee application that was objected to by the Chapter 13 trustee.  *Id.* at

5

92.   The applicant charged 47 hours for research and writing with respect to the Truth in Lending ("TILA") action.  *Id.* at 91.  Inasmuch as he had held himself out to the court and Chapter 13 Trustee as a TILA expert, the court held 47 hours to be excessive and awarded counsel compensation for 35 hours, a 25 percent reduction.  *Id.* at 97.  Second, the applicant charged 1.5 hours for a §341 hearing he did not attend which required the §341 hearing to be rescheduled.  *Id.*  Counsel charged 3.5 hours for attending the rescheduled hearing.  *Id.*  The court disallowed the fees charged for the first §341 hearing because the rescheduled hearing was necessitated by the failure of counsel to appear at the first hearing.  *Id.*  Furthermore, this court reduced the 3.5 hours charged for the second hearing to 1 hour, a 70 percent reduction, because the second meeting would have been unnecessary had counsel attended the first meeting.  *Id.*

In addition, the court found entries such as "Conference Pgh," "Update letter to Youngers," and "Brief Preparation" to be vague and not acceptable.  Based on the facts, the court in *Younger* found that the fee application contained "unnecessary, excessive and inappropriate fees" and reduced the amount of the fee application accordingly.  *Id.* at 97. The court also found that the factors in §330(a)(3) are not all inclusive and listed twelve additional factors that may be considered:

> (1)  the time and labor required;
> (2)  the novelty and difficulty of the questions;
> (3)  the skill requisite to perform the legal service properly;
> (4)  the preclusion of other employment by the attorney due to acceptance of the case;
> (5)  the customary fee;
> (6)  whether the fee is fixed or contingent;
> (7)  time limitations imposed by the client or the circumstances;
> (8)  the amount involved and the results obtained;
> (9)  the experience, reputation, and ability of the attorneys;

6

(10)  the undesirability of the case;
(11)  the nature and length of the professional relationship with
the client;
(12)  awards in similar cases.

*Id.* at 95.  We now apply the above principles to the fee applications before us.


## Re:  Fee Application of Stutzman, Bromberg, Esserman & Plifka, PC

The Debtor objected to the Stutzman Bromberg fee application claiming that it was excessive.  Debtor failed to provide specific examples.  This court therefore reviewed the fee application in accordance with *In re Busy Beaver* and we find that Stutzman Bromberg made a good faith effort to satisfy the Local Rule regarding the specificity of the individual entries. In light of the complexity and overall amount of dollars involved in this Chapter 7 proceeding, we find that the hourly rates and hours charged were reasonable and necessary. Debtor's objection to the Stutzman Bromberg fee application is denied and it is ordered that the fees and expenses are allowed.


## Re:  Fee Application of Gazes LLC

The Debtor objected to the Gazes LLC fee application asserting that it was excessive, contained duplicative entries, and was vague.  The Debtor highlighted certain entries contained in the Gazes LLC fee application that were the subject of his objection.  The Debtor, however, did not provide an explanation as to how the highlighted entries supported his objection.  Consequently, after reviewing the Gazes LLC fee application in accordance with *In re Busy Beaver*, we find that, although Gazes LLC made a good faith effort to satisfy the Local Rule regarding the specificity of the entries, there are entries that do not meet the

applicable standards.

We find two entries that do not meet the applicable standards because their descriptions are vague and therefore shall be supplemented and clarified in accordance with applicable rules:

> (1) 11/9/2007, JOC charged 0.6 hours at $230/hr for "Letter to Courts"

> (2) 3/10/2008, JKC charged 0.8 hours at $550/hr for "file organization"

We find two entries (the first is the same entry as the March 10, 2008, entry mentioned above) that do not meet the applicable standards because they are excessive with respect to the hourly rate charged for clerical tasks and therefore shall be required to be supplemented:

> (1) 3/10/2008, JKC charged 0.8 hours at $550/hr for "file organization"
> (2) 12/20/2007, IJG charged 1.7 hours at $675/hr for "Pull documents for January Hearing"

We find one entry that does not meet the applicable standards because it is excessive with respect to the number of hours charged for research of one issue by a seasoned attorney and therefore shall be supplemented to explain why nine hours were required at $550 per hour for this research:

> (1) 1/10/2008, IJG charged 9 hours at $550/hr for "research case law re issues re time to file objections to discharge and debtor's claiming of both federal and VI exemptions"

We find six entries that do not meet the applicable standards because they are excessive when the hours charged, all for the same task, are added together (33.6 total hours):

> (1) 3/20/2008 JKC charged 3 hours at $550/hr for "began

8

drafting fee application"
(2) 3/21/2008 JKC charged 6 hours at $550/hr for "drafting fee
application"
(3) 3/24/2008 JKC charged 9 hours at $550/hr for "preparation
of fee app"
(4) 3/25/2008 JKC charged 8 hours at $550/hr for "continued
drafting fee application"
(5) 3/26/2008 JKC charged 6.2 hours at $550/hr for "continued
drafting fee application and conf S Krawiecki re preparing
schedules for fee app"
(6) 4/1/2008 JKC charged 1.4 hours at $550/hr for "continued
preparation of fee application"

The Court finds that 15 hours are reasonable for fee application preparation and only 15 hours

at $550 are approved.

We find one entry that does not meet the applicable standards because it is vague and

may be unnecessary:

(1) 1/3/2008 Gazes charged $304.39 for "Towncar to and from
airport re: Pittsburgh hearing"

To properly evaluate this expense, the description must state which airport the transportation

was used for, duration and length of the trip, and  counsel must explain why a standard taxi

charge should not apply.

Gazes LLC shall have the opportunity to supplement the entries noted above with

additional details.  If requested by Gazes LLC, a hearing with respect to the amended fee

application will be scheduled.  Otherwise, the Court will take the matter under advisement in

chambers and enter an appropriate order upon receipt of the supplements submitted by the

applicant.  Further, applicant shall submit an order on a Certification of Counsel approving

the fees and expenses not addressed in this Memorandum Order.

**Re: Fee Application of Litzler, Segner, Shaw & McKenney, LLP**

The Debtor objected to the Litzler fee application claiming that it was excessive and/or vague.  The Debtor highlighted certain entries contained in the Litzler fee application that were the subject of his objection.  The Debtor, however, did not provide an explanation as to how the highlighted entries supported his objection. Consequently, after reviewing the Litzler fee application in accordance with *In re Busy Beaver*, we find that although Litzler made a good faith effort to satisfy the Local Rule regarding the specificity of the individual entries, there are entries that do not comply with the applicable standards.

We find two entries that do not meet the applicable standards because their descriptions are vague and therefore shall require aupplementation:

> (1) 10/9/2007 MHS charged 8.1 hours at $395/hr for "Asset Disposition - Personal Property: Meeting with Virgin Island team (7.1); meeting at VICB (1.0)"

> (2) 10/10/2007 MHS charged 8.1 hours at $395/hr for "Asset Disposition - Real Estate: Meeting with VI team (6.0); inspection of Prosser properties (2.1)"

The descriptions must identify the persons involved and the purpose of the meetings.

We find three entries that do not meet the applicable standards because they are vague and excessive and therefore must be supplemented:

> (1) 2/19/2008 JB charged 0.9 hours at $135/hr for "Document & Computer Data Review: Attend meeting with supervisor regarding turning records over and review records."

> (2) 2/20/2008 JB charged 3.6 hours at $135/hr for "Document & Computer Data Review: Meeting with supervisor regarding records and review records per Jim Carroll."

> (3) 2/21/2008 JB charged 4.1 hours at $135/hr for "Document & Computer Data Review: Beginning scanning records to produce to Jim Carroll."

10

These entries must provide a detailed description of the records involved.  Also, the 4.7 hours charged to meetings concerning the same subject matter appears to be excessive.  An hourly rate of $135 for the scanning of records appears to be excessive when the lower paraprofessional hourly rate of $85, as listed in Litzler's fee application, was available for such clerical duties.  An explanation of the need for the higher rate must be provided.

Litzler shall have the opportunity to supplement its fee application with additional details and, if Litzler requests, a hearing with respect to the amended fee application will be scheduled.  Otherwise, the Court will take the matter under advisement upon receipt of the supplements and enter an appropriate order.  Further, applicant shall submit an order on a Certification of Counsel approving the fees and expenses not addressed in this Memorandum Order.

**AND NOW** this 19th day of August, 2008, in accordance with the foregoing, it is **ORDERED** that the Stutzman Bromberg fees and expenses are allowed in full and the objections thereto are **OVERRULED**.

It is **FURTHER ORDERED** that Gazes LLC's fee application is **ALLOWED IN PART** and Gazes LLC shall submit an appropriate order on a Certification of Counsel forthwith.  Gazes LLC shall have the opportunity to provide additional details by filing a supplemental application within 30 days hereof and to request a hearing on the supplement. If requested, a telephonic hearing will be scheduled, and Gazes LLC's representative may appear telephonically in accordance with the Case Management Order.

It is **FURTHER ORDERED** that Litzler's fee application is **ALLOWED IN PART** and Litzler shall submit an appropriate order on a Certification of Counsel forthwith.  Litzler

11

shall have the opportunity to provide additional details by filing a supplemental application within 30 days hereof and to request a hearing scheduled on the supplement.  If requested, a telephonic hearing will be scheduled.  Litzler's representative may appear telephonically in accordance with the Case Management Order.

It is **FURTHER ORDERED** that all applicants shall review their fee applications for entries that are of a clerical nature, for example, copying, scanning, filing, printing, etc. These entries, and any future clerical entries, shall be charged at the lowest paraprofessional hourly rate.  If the fee application contains entries that do not comply with this Order, counsel must file a detailed report explaining why there is a deviation and, for each such deviation, list the entry, timekeeper, hours charged, hourly rate, and the total amount thereof.

*Judith K. Fitzgerald*                    jmd
Judith K. Fitzgerald
United States Bankruptcy Judge

Dated: 8/19/2008
14:06:10