**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**BANKRUPTCY DIVISION**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| In Re: ) | |
| ) | |
| ) | **Bankruptcy No. 06-30009JKF** |
| Jeffrey J. Prosser ) | |
| ) | **Chapter 7** |
| Debtor ) | |
| ) | **Related to Doc. No. 3199** |
| ) | |
| James P. Carroll, as Chapter 7 Trustee ) | |
| of the Estate of Jeffrey J. Prosser, ) | |
| ) | |
| Plaintiff ) | **Adv. No. 11-3001** |
| ) | |
| v. ) | **Related to Doc. No. 101** |
| ) | |
| Dawn Prosser and ) | |
| Bank of America, N.A., ) | |
| ) | |
| Defendants ) | |
| ) | |
| Jeffrey Prosser, ) | |
| ) | |
| Intervening Defendant ) | |

**ORDER GRANTING JOINT MOTION FOR AN ORDER APPROVING
THE STIPULATION REGARDING (A) SALE OF THE REAL PROPERTY
LOCATED AT 252 EL BRAVO WAY, PALM BEACH, FLORIDA, PURSUANT
TO BANKRUPTCY COURT ORDER AND (B) ALLOWANCE AND
SATISFACTION OF SECURED CLAIM OF BANK OF AMERICA, N.A.**

The Court having considered the motion (Case No. 06-30009, Doc. No. 3199; Adv. No.

11-3001, Adv. Doc. No. 101, the "Joint Motion") filed by James P. Carroll ("Trustee Carroll"),

the Chapter 7 trustee of the bankruptcy estate of Jeffrey J. Prosser ("Debtor"), Stan Springel

("Trustee Springel" and, together with Trustee Carroll, the "Trustees"), Chapter 11 Trustee of the

1

bankruptcy estate of Innovative Communication Corporation ("New ICC"), and Bank of

America, N.A. ("BOA" and together with Trustees, the "Movants"), for entry of an order

pursuant to Fed. R. Bankr. P. 9019 approving the accompanying "Stipulation Regarding (A) Sale

of the Real Property Located at 252 El Bravo Way, Palm Beach, Florida, Pursuant to Bankruptcy

Court Order and (B) Allowance and Satisfaction of Secured Claim of Bank of America, N.A."

(the "Stipulation"); this Court having reviewed the Stipulation, which provides, among other

things, that BOA's first-mortgage lien and secured claim, less a carveout to be provided by BOA

from its secured position in the amount of approximately $500,000, will be satisfied upon closing

of the sale of the real property located at 252 El Bravo Way, Palm Beach, Florida (the "Palm

Beach Property") in accordance with this Court's March 10, 2011 Order Confirming Sale [Adv.

No. 11-3001, Doc. No. 65] ("Sale Order");[1] the Court having considered objections thereto and

after hearing argument thereon on May 9, 2011, having determined that the legal and factual

bases set forth in the Joint Motion establish just cause for the relief granted herein; and for the

reasons expressed on the record on May 9, 2011, which is incorporated herein by reference, and

based on the entire record, after due deliberation and sufficient cause appearing therefore,

### *IT IS HEREBY FOUND AND DETERMINED THAT*:

A. This Court has jurisdiction by virtue of 28 U.S.C. §§ 157(a) and (b), and 1334(b).

B. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (N) and (O). The issues resolved

by the Stipulation are claim resolution and distribution issues and settlement of potential disputes

---

[1] Closing of the sale is dependent upon the outcome of the Prossers' appeal to the District Court. *See* Case No. 11-cv-00034. At this time, closing is stayed until June 24, 2011, at 6:00 P.M. Resolution of Bank of America's claim is not an issue on appeal. The purpose of this Order is to approve the consensual limit on distribution in full satisfaction of Bank of America's claim upon closing of the sale, if closing occurs.

2

regarding the Avoidance Action[2] that involves the Palm Beach Property. *See* note 3, *infra.*

C. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

D. Under the circumstances, proper, timely, adequate, and sufficient notice of the Joint Motion has been provided to all necessary parties in interest.

E. The findings of fact and conclusions of law as set forth in this Court's "Memorandum Opinion In Support of Interim Order Setting Alternative Closing Dates Depending on Terms of Final Order to Be Entered Confirming Sale" [the "Memorandum Opinion"] and "Interim Order Setting Alternative Closing Dates Depending Upon Terms of Final Order to Be Entered Confirming Sale" [Adv. No. 11-3001, Doc. No. 46, the "Interim Order"], the "Order Confirming Sale" [Adv. No. 11-3001, Doc. No. 65, the "Sale Order"], the "Order Continuing Stay Until April 8, 2011, and Dissolving Stay Thereafter Unless the Prossers Post a Supersedeas Bond Pursuant to the Terms of this Order" [Adv. No. 11-3001, Adv. Doc. No. 95], and "Order Supplementing this Court's Order Continuing Stay Until April 8, 2011, and Dissolving Stay Thereafter Unless the Prossers Post a Supersedeas Bond Pursuant to the Terms of this Order" [Adv. No. 11-3001, Adv. Doc. No. 97] are hereby fully incorporated herein by reference.

F. The Bankruptcy Court entered an Order Confirming Sale on March 10, 2011 [Adv. No. 11-3001, Doc. No. 65], through which the Bankruptcy Court confirmed the sale of the Palm Beach Property to the Buyer at the Purchase Price ("Sale Order"). The Interim Order and Sale Order were appealed by the Prossers, and the case is proceeding in the District Court at 11-cv-00034.

G. The Court has considered the four factors set forth in *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996) and finds that application of the factors favor approval of the Stipulation. The factors are:

---

[2] Capitalized terms not defined herein shall have the meanings ascribed in the Stipulation.

3

(1) the probability of success in litigation;

(2) the likely difficulties in collection;

(3) the complexity of the litigation involved, and the expense, inconvenience and delay

necessarily attending it; and

(4) the paramount interest of the creditors.

*In re Martin*, 91 F.3d at 393.

Factor 1:

H. BOA holds a first-lien mortgage as to the Palm Beach Property, securing a claim against the

Prossers in the approximate amount of $5,774,796.49 ("BOA Claim") as of March 1, 2011,

exclusive of post-petition attorneys' fees and costs and accruing interest.

I. During the Sale Hearing, BOA consented to provide a carveout for the benefit of the estate[3] in

the amount that the BOA Claim exceeds $5,275,000 ("Carveout"), on the condition that the BOA

Claim, less the Carveout ("BOA Payment"), be paid at Closing.

J. The Palm Beach Property is also subject to real estate tax liens for taxes owed to Anne M.

Gannon, the Constitutional Tax Collector serving Palm Beach County (the "Tax Collector") in

the sum of approximately $580,000 (the "PB Tax Lien Claim"). *See* Exhibit A to Affidavit of

James L. Brako, [Adv. No. 11-3001, Adv. Doc. No. 50].

K. Trustee Carroll has reviewed the BOA Claim and BOA's lien and Trustee Carroll submits,

---

[3] Which of the estates will benefit is a determination that must await the resolution of this
Court's Memorandum Opinion, Report and Recommendation to the District Court and
Certification Pursuant to District Court Order [pending at Case No. 08-cv-00054] dated October
9, 2009 [hereinafter "Report and Recommendation"], in which this Court recommended that the
District Court find the transfer of the Palm Beach Property from New ICC to the Prossers is
avoidable as a fraudulent conveyance. Adv. No. 08-3002, Adv. Doc. No. 212.

4

and the Court finds, that the claim and lien (a) were obtained by BOA in good faith and for full,

fair and adequate consideration and (b) are valid, enforceable and unavoidable. BOA filed a

proof of claim in Jeffrey Prosser's Bankruptcy Case. *See* Case No. 06-30009, Claim No. 37-1.

No objection to that claim was filed. Furthermore, Jeffrey Prosser scheduled BOA's claim when

he initially filed bankruptcy schedules and in his amended schedules. *See* Case No. 06-30009,

Doc. Nos. 26, 359, 1062. Jeffrey Prosser did not identify the BOA Claim as contingent,

unliquidated, or disputed. *Id.* Thus, the first factor of the *Martin* test, i.e., the probability of

success in litigation, weighs in favor of approving the stipulation as the proof of claim is *prima*

*facie* evidence regarding the validity of the BOA Claim. Thus, the Stipulation benefits the estate

to the extent that the BOA Claim exceeds $5,275,000, by providing it with funds that would

otherwise be paid to the secured creditor.

Factor 2:

L. The Court approved the sale of the Palm Beach Property free and clear of the PB Tax Lien

Claim, with the lien transferred to proceeds and the value of the PB Tax Lien Claim to be paid at

the closing from the proceeds of the sale of the Palm Beach Property.

M. The Court approved the sale of the Palm Beach Property free and clear of the BOA lien and

BOA Claim, with the lien transferred to proceeds and the value of the BOA Claim, less the

Carveout, to be paid at the closing from the proceeds of the sale of the Palm Beach Property.

N. The Carveout is only available to the extent that the BOA Claim, less the Carveout, is paid at

Closing. Therefore, according to the terms of the Stipulation, there will be no difficulty in

collection as BOA will be paid from the proceeds of the sale, BOA's claim will be resolved, and

the Carveout will be retained by the estate at the time of closing. Thus, the second factor set forth

5

2bea1c8a0c30cb28

in *Martin* is satisfied.

Factor 3:

O. The third factor to be addressed pursuant to *Martin* is "the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it." 91 F.3d at 393. "To minimize litigation and expedite the administration of a bankruptcy estate, 'compromises are favored in bankruptcy.'" *Id.* Here, as there is no objection to the BOA Claim, there is no pending litigation. To the extent that the Prossers now request an evidentiary hearing regarding the BOA Claim and there is potential for litigation, the Stipulation will permit an expedient sale of the Palm Beach Property, while avoiding potentially lengthy and costly litigation regarding the BOA Claim.[4] Moreover, the Stipulation resolves issues that will not be ripe between BOA and the Trustees until the District Court rules on the Report and Recommendation regarding what this Court found to be a fraudulent conveyance of the Palm Beach Property. *See note 3, supra.* For these reasons, the third factor set forth in *Martin* is satisfied and weighs in favor of approval of the Stipulation.

Factor 4:

P. The Carveout represents a benefit to the estate. Without entry into the Stipulation and receipt of the Carveout, it is likely that the equity in the Palm Beach Property will erode, to the detriment of creditors. The consideration provided for under the Stipulation by BOA in exchange for mutual releases of all claims relating to the Palm Beach Property, the Sale, BOA's Note and Mortgage, and the Palm Beach Avoidance Action is good and fair consideration. The Carveout,

---

[4] In addition, as BOA commenced litigation against Dawn Prosser in state court, the Stipulation will resolve that action as well.

which reduces the distribution to BOA and provides for a greater distribution to other parties in interest, is clearly in the best interest of creditors and satisfies the fourth factor of the *Martin* test. Therefore, this consideration weighs in favor of approving the Stipulation.

Q. The Trustees have demonstrated good, sufficient, and sound business purpose and justification to enter into the transaction outlined in the Stipulation.

R. Based on the foregoing, and the record in this case, the relief sought in the Joint Motion is appropriate under the standard of Federal Rule of Bankruptcy Procedure 9019, and in the best interests of the estate and its creditors.

### NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Joint Motion is granted on the terms and conditions set forth herein.

2. All objections to the Joint Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are hereby overruled on the merits except as otherwise expressly set forth herein.

3. The Stipulation (in the form attached hereto as Exhibit A) is approved in all respects, and is incorporated herein as an Order of this Court.

4. The Stipulation is binding on the Prosser Parties, the New ICC Parties, the BOA Parties,[5] and

---

[5] These parties are identified in the Stipulation. The Prosser Parties are defined as "the Prosser Trustee, on behalf of himself, the Debtor, and the Prosser bankruptcy estate, and any subsequent Chapter 7 trustee thereof, and any of their respective counsel, advisors, agents, professionals and representatives, on behalf of themselves and their constituents[.]" Stipulation, at 12. The New ICC Parties include "New ICC, its bankruptcy estate, the ICC Trustee, and any subsequent Chapter 11 or Chapter 7 trustee thereof, and any of their respective counsel, advisors, agents, professionals and representatives, on behalf of themselves and their constituents[.]" *Id.* at 13. The BOA Parties are "BOA, its parent company and any related entities, and their officers, directors, managers, members, affiliates, associates, employees, equity holders, agents,

any of their respective successors and assigns, as well as on all creditors and equity holders of the

Debtor and its bankruptcy estate, and on all creditors and equity holders of New ICC and its

bankruptcy estate, and all parties in interest.

5. The Trustees are hereby authorized to take all such actions as are necessary to implement the

Stipulation and the transactions contemplated therein.

6. The Bankruptcy Court shall retain jurisdiction to, among other things, enforce the terms and

provisions of the Stipulation and this Order, and to adjudicate, if necessary, any and all disputes

concerning or relating to the transactions contemplated hereby.

7. To the extent that a conflict exists between the terms of this Order and the terms of the

Stipulation, the terms of the Order shall govern.

8. Counsel for the Chapter 7 Trustee shall immediately serve a copy of this Order on all parties in

interest who do not receive electronic notice and shall file a certificate of service forthwith.


Dated: Pittsburgh, Pennsylvania
May 11, 2011

*Judith K. Fitzgerald*

**Judith K. Fitzgerald**                              **kdv**
**United States Bankruptcy Judge**

---

representatives, advisors, and professionals, whether past or present[.]" *Id.* at 12-13.

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN
BANKRUPTCY DIVISION

| | |
|---|---|
| In re<br><br>JEFFREY J. PROSSER,<br><br>         Debtor. | Chapter  7<br><br>CASE NO:  06-30009 (JKF) |
| JAMES P CARROLL, as Chapter 7 Trustee of the Estate of Jeffrey J. Prosser,<br><br>       Plaintiff,<br><br>v.<br><br>DAWN PROSSER and BANK OF AMERICA, N.A.<br><br>       Defendants. | Adv. Pro. No. 3:11-ap-03001-(JKF)<br><br>Related to Docket Nos. 2, 25, 46 and 65 |

STIPULATION REGARDING (A) SALE OF THE REAL PROPERTY LOCATED AT
252 EL BRAVO WAY, PALM BEACH, FLORIDA, PURSUANT TO
BANKRUPTCY COURT ORDER AND (B) ALLOWANCE
AND SATISFACTION OF SECURED CLAIM OF BANK OF AMERICA, N.A.

This Stipulation is entered into this 21st day of April, 2011, by and among secured

creditor Bank of America, N.A. ("BOA"), by and through its counsel; James P. Carroll, in his

capacity as Chapter 7 trustee (the "Prosser Trustee") of the bankruptcy estate of Jeffrey J. Prosser

in Bankruptcy Case No. 06-30009 (the "Prosser Case"), by and through his counsel; and Stan

Springel, in his capacity as Chapter 11 Trustee (the "ICC Trustee") (with BOA and the Prosser

Trustee, the "Stipulating Parties") of the bankruptcy estate of Innovative Communication

Corporation in Bankruptcy Case No. 07-30012 (the "New ICC Case" and, together with the

Prosser Case, the "Cases"), by and through his counsel, for the purposes of (a) resolving BOA's

limited opposition [Adv. Proc. No. 11-3001, DE 32, the "Limited Opposition"] to the Prosser

US 817351v.5

Trustee's *Motion For Order (I) Approving The Sale Of The Property At 252 El Bravo Way, Palm Beach, Florida, Pursuant To A Certain Contract of Sale, To The Party That Submits The Highest And Best Offer; (II) Authorizing The Chapter 7 Trustee To Take All Reasonable Steps To Complete The Sale Of The Palm Beach Property, (III) Directing The Prossers To Vacate, and (IV) Granting Related Relief* [Adv. Proc. No. 11-3001, DE 2] ("Sale Motion"), (b) establishing a mechanism for the allowance and satisfaction of BOA's Claim (as defined below) upon consummation of the sale (the "Sale") of the real property located at 252 El Bravo Way, Palm Beach, Florida ("Palm Beach Property") to the Bankruptcy Court-approved purchaser of such property (the "Buyer"), and (c) establishing the terms upon which BOA shall provide a carveout from its secured position for the benefit of one or more of the aforementioned bankruptcy estates.

WHEREAS, the above-captioned debtor, Jeffrey Prosser ("Debtor"), filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court on July 31, 2006 ("Petition Date") commencing the Prosser Case;

WHEREAS, following conversion of the Debtor's bankruptcy case to one under Chapter 7, the Bankruptcy Court appointed the Prosser Trustee as permanent Chapter 7 Trustee on October 31, 2007;

WHEREAS, on or about April 10, 2000, the Debtor and his non-debtor spouse, Dawn Prosser ("Mrs. Prosser" and, collectively with the Debtor, the "Prossers") acquired record title as tenants by the entirety to the Palm Beach Property, a single family residence, from Innovative Communication Corporation ("New ICC"), a corporation once owned and controlled by the Debtor;

US 817351v.5

WHEREAS, on July 29, 2005, the Prossers executed a Promissory Note payable to the order of BOA ("Note") evidencing their joint and several obligations to BOA arising from BOA's loan to the Prossers of $5 million;

WHEREAS, to secure their joint and several obligations under the Note, the Prossers granted to BOA a first-lien mortgage dated July 29, 2005 ("Mortgage") encumbering the Palm Beach Property, which Mortgage was granted for full, fair and adequate consideration and duly recorded on August 4, 2005 in Official Records Book 19028, Page 0856, et seq., of the Public Records of Palm Beach County, Florida;

WHEREAS, the Prossers defaulted on their obligations under the Note by, *inter alia*, failing to make monthly payments as and when due, with the first such default having occurred through the failure to make the payment due on November 3, 2007, with no payments having been made to BOA since that date;

WHEREAS, on July 5, 2007, certain creditors filed an *Involuntary Petition for Relief* against New ICC.  An *Order for Relief in an Involuntary Case* was entered on September 21, 2007, and the ICC Trustee was duly appointed as Chapter 11 Trustee of the New ICC estate on October 4, 2007;

WHEREAS, on or about January 31, 2008, the ICC Trustee commenced an adversary proceeding against the Prossers captioned *Springel v. Dawn Prosser, et al., Adv. Proc. No. 08-ap-3002* ("Avoidance Action") seeking, among other relief, to avoid the April 10, 2000 transfer of the Palm Beach Property from New ICC to the Prossers as fraudulent and/or seeking the imposition of a constructive trust as to the Palm Beach Property in favor of the New ICC bankruptcy estate;

WHEREAS, on October 9, 2009, the District Court of the Virgin Islands, Bankruptcy Division ("Bankruptcy Court") entered its *Memorandum Opinion, Report and Recommendation* [Adv. Proc. No. 08-3002, DE 212, as supplemented by DE 220, the "Report and Recommendation"] recommending that the District Court of the Virgin Islands ("District Court") enter an order granting summary judgment in favor of the ICC Trustee, avoiding the transfer of the Palm Beach Property to the Prossers, placing a constructive trust on the property for the benefit of the ICC Trustee, and returning the property to the New ICC estate.  To date, the District Court has not acted with respect to the Report and Recommendation and the Palm Beach Property remains titled in the name of the Prossers;

WHEREAS, on October 9, 2009, the Bankruptcy Court entered an order denying all of the Debtor's exemptions, including the claimed exemption of his alleged interest in the Palm Beach Property under 11 U.S.C. §522(b)(3)(B).  The Debtor has appealed this Order, and such appeal remains pending before the United States District Court;

WHEREAS, in order to realize on the equity in the Palm Beach Property for the benefit of creditors, in March, 2010, the Prosser Trustee initiated an action against Mrs. Prosser seeking authority to sell Mrs. Prosser's purported interest as co-tenant in the Palm Beach Property pursuant to 11 U.S.C. § 363(h) [Adv. Proc. No. 10-3002, DE 1, the "Initial 363 Action"];

WHEREAS, the Bankruptcy Court entered an Order and judgment on May 14, 2010 granting the Prosser Trustee's motion for summary judgment in the Initial 363 Action [10-3002 DE 32 & 33] and permitting the Prosser Trustee to market the Palm Beach Property for sale, but preserving the issue of whether the Prosser Trustee could sell Mrs. Prosser's interest as alleged co-tenant under Section 363(h) for a later hearing.  Thereafter, the Bankruptcy Court entered orders (a) authorizing the Prosser Trustee to retain Anderson & Carr, Inc. as his appraisers for

4

the Palm Beach Property [Bankr. Case No. 06-30009, DE 2854] and (b) authorizing the Prosser

Trustee to retain Robert E. List Company, Inc. (the "List Company") as his exclusive broker to

market and sell the Palm Beach Property [Bankr. Case No. 06-30009, DE 2873];

WHEREAS, pursuant to a Stipulation dated November 11, 2010 (the "November

Stipulation"), the Prosser Trustee and the ICC Trustee (together, the "Trustees") reached an

agreement whereby the Palm Beach Property may be marketed and sold by the Prosser Trustee,

with the proceeds of the sale of the Palm Beach Property (the "Proceeds") to be held by the

Prosser Trustee, net of certain expenses, subject to the ICC Trustee's claims and determination of

proper ownership of the Proceeds. A motion seeking Bankruptcy Court approval of the

November Stipulation was filed on November 12, 2010 [Bankr. Case No. 06-30009, DE 3030],

as later supplemented, and remains pending;

WHEREAS, upon motion of the Prosser Trustee, the Bankruptcy Court entered an *Order

Approving Bidding Procedures as Modified and as Attached Hereto as Exhibit A In Connection

with Sale of Residential Real Property Located at 252 El Bravo Way, Palm Beach, Florida

33480* on February 2, 2011 [Bankr. Case No. 06-30009, DE 3138]("Bid Procedures Order");

WHEREAS, in accordance with the Bankruptcy Court-established procedures, the List

Company engaged in an extensive marketing process, which ultimately resulted in an offer for

purchase of the Palm Beach Property for the price of $7.95 million, which offer was accepted by

the Trustees.  The salient terms of the Sale of the Palm Beach Property to the Buyer are set forth

in the As-Is Contract for Sale (the "Contract") [Adv. Proc. No. 10-3002, DE 72, Exhibits A and

B, as subsequently amended];

WHEREAS, the Prosser Trustee filed a second *Complaint of Trustee (i) Seeking

Authority to Sell Dawn Prosser's Interest in Real Property Located at 252 El Bravo Way, Palm

US 817351v.5

*Beach, Florida 33480, Subject to Her Rights of First Refusal Pursuant to 11 U.S.C. 363(h)(3)*,

[Adv. Proc. No. 11-3001, DE 1] commencing Adv. Proc. No. 11-ap-03001 ("Section 363(h) Case").  Through the Section 363(h) Case, the Prosser Trustee requested, among other things, that the Bankruptcy Court enter an Order finding that sale of Mrs. Prosser's alleged co-tenancy interest in the Palm Beach Property is appropriate under Section 363(h);

WHEREAS, contemporaneously with the filing of the complaint in the Section 363(h) Case, the Prosser Trustee filed the Sale Motion, pursuant to Section 363 of the Bankruptcy Code, seeking to sell the estate's interest and Dawn Prosser's undivided interest in the Palm Beach Property, free and clear of all liens, claims and encumbrances ("Claims"), with all such Claims, if, as and when allowed by the Bankruptcy Court, to attach to the Proceeds;

WHEREAS, on February 22, 2011, the Prosser Trustee filed an amended complaint [Adv. Proc. No. 11-3001, DE 25, the "Amended Complaint"] naming BOA as a defendant and requesting Bankruptcy Court authority to sell the Palm Beach Property free and clear of all Claims, including those held by BOA, pursuant to 11 U.S.C. § 363(f)(2) or (f)(3), with the Claims to attach to the Proceeds;

WHEREAS, BOA filed a timely Answer to the Amended Complaint on February 28, 2011 [Adv. Proc. No. 11-3001, DE 36] and a Limited Opposition to the Sale Motion [Adv. Proc. No. 11-3001 DE 32], indicating that its consent to the Sale would only be provided on the condition that the BOA Claim (as defined below) be paid upon closing of the Sale of the Palm Beach Property ("Closing");

WHEREAS, the Debtor and Mrs. Prosser filed objections to the Sale Motion and related relief sought by the Prosser Trustee in the Section 363(h) Case and through the Sale Motion;

US 817351v.5

WHEREAS, upon conclusion of the inspection period with regard to the Palm Beach Property, the Bankruptcy Court entered an Order [Bankr. Case No. 06-30009, DE 3176] permitting PB Purchase, LLC to reduce its original bid to $6,175,000;

WHEREAS, on March 1, 2011, pursuant to the Bidding Procedures Order, the Prosser Trustee conducted an auction of the Palm Beach Property before the Bankruptcy Court ("Auction") and at the conclusion of the Auction, the bid of PB Purchase, LLC or its nominee was deemed the highest and best offer by the Trustees at a price of $6,910,000 ("Purchase Price");

WHEREAS, an evidentiary hearing regarding the Sale Motion commenced at the conclusion of the Auction (the "Sale Hearing"), during which the Bankruptcy Court heard evidence as to, among other factors, whether the benefit to the Trustees from the Sale outweighs the detriment to Mrs. Prosser and whether the marketing effort employed by the Prosser Trustee was sufficient to generate a fair sale price for the Palm Beach Property, and also heard the arguments of counsel to the Prossers in objection to the Sale;

WHEREAS, the Palm Beach Property is subject to real estate tax liens for taxes owed to Anne M. Gannon, the Constitutional Tax Collector serving Palm Beach County (the "Tax Collector"), in the sum of approximately $580,000 (the "PB Tax Lien Claim"). The Trustees have agreed that the Palm Beach Property shall be sold free and clear of the PB Tax Lien Claim, with the value of the PB Tax Lien Claim to be paid at Closing from the Proceeds;

WHEREAS, as of March 1, 2011, the amount due and owing to BOA under the Note and Mortgage, exclusive of post-petition attorneys' fees and costs, was represented by BOA to be $5,774,796.49 ("BOA Claim"), calculated as follows:

| | | |
|---|---|---|
| Principal | $ | 4,834,164.46 |
| Interest | $ | 863,274.52 |

US 817351v.5

| | | |
|---|---|---|
| Protective Advance - Insurance: | $ | 70,000.00 |
| Prepetition Attorneys' Fees: | $ | 7,357.51 |
| TOTAL: | $ | 5,774,796.49; |

WHEREAS, the Prosser Trustee has reviewed the BOA Claim and BOA's lien and has determined that such claim and lien (a) were obtained by BOA in good-faith, for full, fair and adequate consideration and (b) are valid, enforceable and unavoidable;

WHEREAS, through negotiations with the Trustees regarding BOA's Limited Opposition to the Sale Motion, the Trustees obtained BOA's agreement on the record during the Sale Hearing to consent to Sale of the Palm Beach Property free and clear of the BOA Mortgage on the condition that the BOA Claim, less a consensual carveout from the BOA Claim in the amount by which the BOA Claim exceeds $5,275,000 ("Carveout"), be paid at Closing of the Sale, subject to BOA and the Trustees entering into an acceptable agreement through a separate stipulation;

WHEREAS the ICC Trustee has determined, in his business judgment, that entry into this Stipulation is in the best interests of the ICC estate in that it will permit an expedient sale of the Palm Beach Property, while avoiding potentially lengthy and costly litigation regarding the BOA Claim, the results of which are not known;

WHEREAS, the ICC Trustee has consented to the Sale and final and indefeasible distribution of $5,275,000 of the Proceeds to BOA at Closing in exchange for the Carveout and subject to the terms of this Stipulation;

WHEREAS, on or about March 4, 2011, the Bankruptcy Court entered a Memorandum Opinion in the Section 363(h) Case [Adv. Proc. No. 11-3001, DE 46, the "Memorandum"] finding that the Sale Motion is approved, and the Sale to the Buyer will be confirmed by the

US 817351v.5

Bankruptcy Court to the extent that Mrs. Prosser chooses not to timely exercise her right of first refusal;

WHEREAS, in the Memorandum, the Bankruptcy Court found that the Prosser Trustee had demonstrated that the Sale is appropriate under Section 363(b), that the Trustee had met the requirements of Section 363(f)(3) as the Purchase Price exceeds the Claims, given the existence of the Carveout, thereby permitting him to sell the Property free and clear of all Claims, with all Claims to attach to the Proceeds in the same order and with the same priority as existed immediately prior to the Sale, except as otherwise agreed to, and that the Prosser Trustee had met his burden under Section 363(h);

WHEREAS, Mrs. Prosser failed to timely exercise her right of first refusal under Section 363(i) and, hence, the Bankruptcy Court entered an *Order Confirming Sale* on March 10, 2011 [Adv. Proc. No. 11-3001, DE 65], through which the Bankruptcy Court confirmed the Sale to the Buyer at the Purchase Price ("Sale Order");

WHEREAS, the Prossers have appealed the Sale Order to the District Court, and upon motion of the Prossers seeking a stay of the effectiveness of the Sale Order ("Stay Motion")[Adv. Proc. No. 11-3001, DE 66], the Bankruptcy Court entered an initial order staying the effectiveness of the Sale Order through entry of an order regarding the Stay Motion [Adv. Proc. No. 11-3001, DE 78, 94], and thereafter, entered a separate order conditioning a further stay on the posting by the Prossers of a supersedeas bond in the amount of $7.7 million [Adv. Proc. No. 11-3001, DE 95];

WHEREAS, the Prossers failed to post the required bond, terminating the stay of the Sale Order on or about April 8, 2011 per order of the Bankruptcy Court;

US 817351v.5

WHEREAS, the appeal of the Sale Order remains pending before the District Court, and upon consideration of a separate motion filed by the Prossers requesting a stay of the effectiveness of the Sale Order [Appeal No 11-CV-00034-CVG, DE 3], the District Court entered an order staying the Sale Order through May 2, 2011 at 6:00 P.M., and established an expedited briefing schedule [Appeal No 11-CV-00034-CVG, DE 19];

WHEREAS, while the Sale Order is presently stayed, in furtherance of the Closing that is anticipated to occur should the stay of the Sale Order be lifted, the Stipulating Parties have determined it appropriate to make binding the terms and conditions of the Carveout in order to enable the Trustees to satisfy certain expenses related to the Sale, with all remaining Proceeds to be held in a segregated account by the Prosser Trustee pending ruling on the Report and Recommendation by the District Court; and

**NOW, THEREFORE**, the Stipulating Parties, through their undersigned counsel, hereby stipulate and agree as follows:

1.     In accordance with the Sale Order, which is incorporated herein by reference, the Prosser Trustee is authorized and directed to proceed with transfer of title to the Palm Beach Property to the Buyer and the Buyer shall pay the Purchase Price (less any credit for its deposit) ("Sale Proceeds") to Fox Rothschild, LLP or such other escrow agent as designated by the Prosser Trustee to act on behalf of the Prosser Trustee ("Escrow Agent"), and otherwise perform its obligations under the Contract.  The Escrow Agent shall deposit the Sale Proceeds (subject to all Claims in the same amount, validity and priority as the Claims existed in the Palm Beach Property immediately prior to the Sale) in a segregated account and shall distribute the Sale Proceeds only in accordance with the Approval Order (defined below) and/or further Bankruptcy Court order.

US 817351v.5

2.      At Closing, the Escrow Agent is authorized and directed to make final, full and indefeasible payment in the amount of $580,000 to the Tax Collector (or such other amount as is verified by the Prosser Trustee to represent the undisputed amount owing to the Tax Collector on account of the PB Tax Lien Claim) from the Sale Proceeds in full and final satisfaction of the PB Tax Lien Claim and release of same.

3.      At Closing, and solely in accordance with the Approval Order, the Escrow Agent is authorized and directed to make final, full and indefeasible payment to BOA in the amount of $5,275,000 from the balance of the Sale Proceeds ("BOA Payment") in the manner so directed by BOA's counsel, which payment shall be in full and final satisfaction of the BOA Claim.

4.      Upon execution of this Stipulation by the Stipulating Parties, the Prosser Trustee shall prepare a motion for filing in each of the Cases, seeking Bankruptcy Court approval of all of the terms and conditions of this Stipulation and any related relief, in such form as is reasonably acceptable to the Stipulating Parties (the "Approval Motion").  Each of the Trustees shall undertake to file the Approval Motion on an expedited basis in their respective Cases and undertake to obtain entry of a final order of the Bankruptcy Court granting the Approval Motion prior to the Closing.  The Approval Motion shall be served by the Trustees on all necessary parties in interest in their respective Cases.

5.      The effectiveness of this Stipulation is expressly conditioned on the following events having occurred, such conditions being essential, material and integral to the agreement made herein ("Conditions"):

(a)      This Stipulation shall have been signed by all the signatories on the signature lines below;

(b)      The Bankruptcy Court shall have entered an order (the "Approval Order") approving this Stipulation in all respects in the New ICC Case and the Prosser Case in form and substance acceptable to the Stipulating Parties, which order

US 817351v.5

shall authorize and require, *inter alia,* final and indefeasible payment of the BOA Payment to BOA at Closing, in full and final satisfaction of the BOA Claim;

(c)     The Buyer shall have been found by the Bankruptcy Court to be a "good-faith purchaser" under Section 363(m) and that finding shall not have been disturbed as of the date of the Closing;

(d)     The Sale Order shall have either (i) become a final, nonappealable order, or (ii) it shall not be subject to any stay as of the occurrence of the Closing;

(e)     The Approval Order shall have either (i) become a final, nonappealable order, or (ii) it shall not be subject to any stay as of the occurrence of the Closing;

(f)     The Closing shall occur on or before April 30, 2011 (or such later date as agreed to by the Stipulating Parties, the Buyer and, if necessary, as authorized by the Bankruptcy Court); and

(g)     BOA shall have received the BOA Payment at Closing.

The date that each of the foregoing Conditions has been satisfied or waived in writing by each by the Stipulating Parties shall be referred to as the "Effective Date".   If the Effective Date does not occur by May 31, 2011, the Stipulating Parties shall each have the option, at its respective sole discretion, to deem the Stipulation as terminated and of no further force and effect.

    6.    On the Effective Date, the Prosser Trustee, on behalf of himself, the Debtor, and the Prosser bankruptcy estate, and any subsequent Chapter 7 trustee thereof, and any of their respective counsel, advisors, agents, professionals and representatives, on behalf of themselves and their constituents, (collectively, the "Prosser Parties") shall be deemed to have forever waived and released any and all claims, causes of action, choses in action, liabilities, losses, costs, damages, expenses, remedies, transactions, loans, debts, contracts, obligations, actions, conduct, omissions, and/or performance of any agreements, commitments or obligations, whether now known or unknown, and whether pending or not yet asserted, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, which they or any of them have or may have had against any of BOA, its parent company and any related entities, and their officers, directors, managers, members, affiliates, associates, employees, equity holders, agents,

representatives, advisors, and professionals, whether past or present, (collectively, the "BOA Parties"), relating in any manner whatsoever, directly or indirectly, to the Palm Beach Property, the Note and Mortgage, the Sale, and the Avoidance Action.

7.    On the Effective Date, New ICC, its bankruptcy estate, the ICC Trustee, and any subsequent Chapter 11 or Chapter 7 trustee thereof, and any of their respective counsel, advisors, agents, professionals and representatives, on behalf of themselves and their constituents, (collectively, the "New ICC Parties") shall be deemed to have forever waived and released any and all claims, causes of action, choses in action, liabilities, losses, costs, damages, expenses, remedies, transactions, loans, debts, contracts, obligations, actions, conduct, omissions, and/or performance of any agreements, commitments or obligations, whether now known or unknown, and whether pending or not yet asserted, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, which they or any of them have or may have had against any of the BOA Parties relating in any manner whatsoever, directly or indirectly, to the Palm Beach Property, the Note and Mortgage, the Avoidance Action and the Sale.

8.    On the Effective Date, the BOA Parties shall be deemed to have forever waived and released any and all claims, causes of action, choses in action, liabilities, losses, costs, damages, expenses, remedies, transactions, loans, debts, contracts, obligations, actions, conduct, omissions, and/or performance of any agreements, commitments or obligations, whether now known or unknown, and whether pending or not yet asserted, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, which they or any of them have or may have had against any of the New ICC Parties and the Prosser Parties relating in any manner whatsoever, directly or indirectly, to the Palm Beach Property, the Note and Mortgage, the Carveout, and the Sale.

13

US 817351v.5

9.      At such time as the Approval Order becomes a final, unassailable order, BOA consents to the expungement, reclassification, or subordination of any proof of claim filed in the Cases on its behalf to the extent needed to conform to the terms of this Stipulation;  provided, however, that to the extent that the Sale Order is overturned and BOA has to return any portion of the BOA Payment per order of a court of competent jurisdiction (the "Disgorged Funds"), the release provided in Paragraph 8 shall be of no force and effect to the extent of the Disgorged Funds and any previously filed BOA proof of claim shall be reinstated to the extent of the Disgorged Funds, with the Trustees maintaining the right to challenge the calculation and amount of, but not the validity of, BOA's claim.  In such an event of repayment and as security for BOA's reinstated claim, BOA's Mortgage will be deemed to re-attach to the Palm Beach Property, to the extent of the Disgorged Funds (if the property is returned to either of the estates); otherwise, the Mortgage lien will attach to the Disgorged Funds with the same validity and priority as existed prior to the Sale of the Palm Beach Property.

10.     Upon the occurrence of the Effective Date, the Prosser Trustee shall hold the Proceeds remaining after payment of the PB Tax Lien Claim and the BOA Payment in a segregated account ("Net Funds") and the Net Funds shall not be distributed by the Prosser Trustee except upon Bankruptcy Court Order.

US 817351v.5

11.    To the extent that the Approval Order is overturned on appeal, this Stipulation will be of no force and effect, and, among other things, the releases contained in Paragraphs 6, 7 and 8 herein shall cease to be operative and the Carveout will no longer be available to the Trustees.    Until such time as the Approval Order becomes a final, unassailable order, the Trustees shall hold that portion of the Net Funds representing the Carveout in a segregated account, subject to BOA's lien, with the same validity and priority as existed as of the date of the Stipulation.

12.    Nothing herein shall be deemed to release any third party, other than as specifically identified herein.  Until such time as each of the Approval Order and Sale Order become a final, unassailable order, BOA reserves all rights under the Note and Mortgage as to Mrs. Prosser.

13.    This Stipulation and the agreement reached herein shall remain in full force and effect regardless of whether the Report and Recommendation is ultimately adopted by the District Court.

14.    Each of the Stipulating Parties waives its right to appeal entry of the order approving this Stipulation.

15.    The provisions of this Stipulation are non-severable; to the extent that a court of competent jurisdiction declares any of portion of this Stipulation as inoperative, the entirety of the Stipulation shall become void and of no further force and effect and the Stipulating Parties shall be returned to their status quo ante.

16.    This Stipulation may only be amended or modified in a writing signed by all of the Stipulating Parties or their authorized representative.

US 817351v.5

17.    Any suit or litigation arising from or in connection with this Stipulation (including interpretation and enforcement of same) and/or the Approval Order shall be exclusively maintained in the Bankruptcy Court.

18.    The Stipulating Parties shall cooperate and use their reasonable best efforts to obtain the Approval Order and to take such steps and execute such documents as may be reasonably necessary to implement the terms of this Stipulation and the Approval Order.

19.    This Stipulation and its terms shall be binding on the Prosser Estate Parties, the ICC Estate Parties, the BOA Parties, and any of their respective successors and assigns. The Approval Order shall also be binding on all creditors and equity holders of the Debtor and its bankruptcy estate, and on all creditors and equity holders of New ICC and its bankruptcy estate, and all parties in interest in the Cases.

20.    This Stipulation contains the entire understanding of the Stipulating Parties and supersedes all prior agreements and understandings of the Stipulating Parties relating in any manner to the substance of this Stipulation.

21.    By signing this Stipulation, the Stipulating Parties hereby confirm and state that (a) they have each carefully read this Stipulation, (b) that they each know the content of this Stipulation and (c) that they have each been represented by independent legal counsel in connection with the negotiation of this Stipulation.

22.    Each Stipulating Party represents that it/he has the necessary power and authority to execute this Stipulation and to be bound, subject only to the conditions precedent set forth above.

US 817351v.5

23.     The Stipulating Parties shall be responsible for the payment of their own respective legal counsel relating to the negotiation and drafting of this Stipulation and in connection with obtaining the Approval Order.

24.     Nothing herein shall be deemed or construed as an admission of liability by any Stipulating Party.  If the Approval Order is not entered, if any Condition is not met or waived, or the Stipulation is deemed void or terminated in accordance with its terms, then the terms of this Stipulation shall be inadmissible as evidence in any court and shall not serve to estop any of the Stipulating Parties for any purpose.

25.     EACH STIPULATING PARTY HEREBY IRREVOCABLY WAIVES ALL RIGHT TO TRIAL BY JURY IN ANY LITIGATION, ACTION, PROCEEDING, CROSS-CLAIM, OR COUNTERCLAIM IN ANY COURT (WHETHER BASED ON CONTRACT, TORT, OR OTHERWISE) ARISING OUT OF, RELATING TO OR IN CONNECTION WITH (A) THIS STIPULATION OR THE VALIDITY, PERFORMANCE, INTERPRETATION, COLLECTION OR ENFORCEMENT HEREOF OR (B) THE ACTIONS OF SUCH STIPULATING PARTY IN THE NEGOTIATION, AUTHORIZIATION, EXECUTION, DELIVERY, ADMINISTRATION, PERFORMANCE OR ENFORCEMENT HEREOF.

26.     The Bankruptcy Court shall retain jurisdiction to, among other things, enforce the terms and provisions of this Stipulation and the Approval Order, and to adjudicate, if necessary, any and all disputes concerning or relating to the transactions contemplated hereby.

US 817351v.5

STIPULATED AND AGREED TO IN ALL RESPECTS:

HOLLAND & KNIGHT LLP

By:_____
Scott B. Newman
Florida Bar No. 339717
222 Lakeview Ave., Suite 1000
West Palm Beach, Florida 33401
(561) 833-2000 (telephone)
(561) 650-8399 (Fax)

and

Paula D. Norkaitis
BIRCH, DeJONGH & HINDELS, PLLC
Virgin Islands Bar Number: 656
Poinsettia House at Bluebeard's Castle
1330 Estate Taarnebjerg
St. Thomas, Virgin Islands  00802
340-774-1100 telephone
340-776-0342 facsimile
pnorkaitis@bdhlawvi.com

*Attorneys for Bank of America, N.A.*

FOX ROTHSCHILD LLP

By:_____
Yann Geron (Admitted *pro hac vice*)
Fred Stevens (Admitted *pro hac vice*)
100 Park Avenue, 15th Floor
New York, New York  10017
Telephone:  (212) 878-7900
Facsimile:  (212) 692-0940
ygeron@foxrothschild.com
fstevens@foxrothschild.com

and

Bernard C. Pattie (V.I. Bar Id 262)
LAW OFFICES OF BERNARD C.
PATTIE, P.C.
1244 Queen Cross Street, Suite 5
Christiansted, U.S. Virgin Islands 00820
Telephone:  (340) 692-7717
Facsimile:  (340) 692-7719
bojnie@compuserve.com
paralegal.beppe@vipowernet.net

*Attorneys for James P. Carroll, Chapter 7
Trustee of the Estate of Jeffrey J. Prosser*

US 817351v.5

VINSON & ELKINS LLP

By: _____
Daniel C. Stewart (Admitted *pro hac vice*)
James L. Lee (Admitted *pro hac vice*)
Michaela C. Crocker (Admitted *pro hac vice*)
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201
Telephone: (214) 220-7700
Facsimile: (214) 220-7716
dstewart@velaw.com
jimlee@velaw.com
mcrocker@velaw.com

and

Benjamin A. Currence (V.I. Bar Id 115)
LAW OFFICES OF BENJAMIN A. CURRENCE
5045 Norre Gade, Ste. 2
P.O. Box 6143
St. Thomas, Virgin Islands 00804-6143
Telephone: (340) 775-3434
Facsimile: (340) 774-1001

*Attorneys for Stan Springel, Chapter 11*
*Trustee of the Bankruptcy Estate of Innovative*
*Communication Corporation*

US 817351v.5