**UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS**
**BANKRUPTCY DIVISION**

**COMPLAINT**

**FOR CIVIL RACKETEERING, CIVIL VIOLATIONS OF THE CRIMINALLY INFLUENCED AND CORRUPT ORGANIZATIONS ACT, FOR DEPRIVATION OF CIVIL RIGHTS UNDER THE COLOR OF LAW AND FOR OTHER RELIEF**

# EXHIBIT 11

Jeffrey J. Prosser's Nov. 17, 2014, Affidavit
(Submitted to the Third Circuit)

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

―――――――――

No. 13-2076

―――――――――

# EXHIBIT 1

AFFIDAVIT OF JEFFREY J. PROSSER

IN RE: JUDICIAL NOTICE MOTION

# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

_____

No. 13-2076
_____

In re: National Rural Utilities Cooperative Finance Corporation, et al.

v.

Jeffrey J. Prosser; Dawn Prosser; Adrian Prosser; John P. Raynor
(Bankr. D. Del. No. 09-ap-2854)

Jeffrey J. Prosser; Dawn Prosser; Adrian Prosser; John P. Raynor

v.

National Rural Utilities Cooperative Finance Corporation, et al.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## AFFIDAVIT OF JEFFREY J. PROSSER
## IN RE: JUDICIAL NOTICE MOTION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

County of Palm Beach       )
                           ) s.s.
State of Florida           )

JEFFREY J. PROSSER, the "Affiant," being first duly sworn deposes and states as follows:

1. Affiant is at least 18 years of age.

2. Affiant provides this affidavit of his own free will and accord.

3. Affiant submits this affidavit to be used and offered in conjunction with legal proceedings as above captioned in the United States Court of Appeals for the Third Circuit. Affiant is an Appellant in the above-referenced proceedings.

4. As to all matters herein set forth, Affiant attests that the same are true, accurate and complete. As and where necessary, inquiry or investigation necessary to assure accuracy of this representation has been undertaken and is complete.

5. As to all matters herein set forth, the same are based upon Affiant's own personal knowledge and belief formed at or about the time or times of events reflected and attested.

6. If called to testify in the above captioned proceedings, Affiant could and would offer sworn testimony concerning the matters herein set forth, the same being based upon Affiant's own personal knowledge and belief.

7. Affiant is not suffering from any mental or physical afflictions that would prohibit Affiant from giving the testimony set forth in this Affidavit, nor is Affiant taking any medication or suffering from any other condition which would prevent Affiant from providing the testimony set forth in this Affidavit.

8. On November 8, 2012, arrests were made by or under the direction of the Department of Justice ("DOJ") which commenced the criminal case of the *United States of American and the People of the Virgin Islands v. Alvin L. Williams, Jr., et al*, Virgin Islands District Court, Cr. No. 2012-33 (the "Williams Case"). The Criminal Defendants in this case included: (i) *Alvin L. Williams, Jr.* ("Mr. Williams"), a former Virgin Islands Territorial Senator; and (ii) Garry Sprauve ("Mr. Sprauve"), the former chief of staff for Mr. Williams.

9. The indictment included nine (9) counts: (i) Count One charged Mr. Williams with the violation of 18 U.S.C. § 1962(c) (racketeering) and the commission of eight (8) predicate acts (4 violations of Federal Law and 4 violations of Virgin Islands laws); (ii) Count Two charged Mr. Williams (and Ace Development) with Federal Program Bribery; (iii) Count Three charged Mr. Williams (and Ace Development) with Bribery in violation of Virgin Islands

law; (iv) Count Four charged Mr. Williams (and Ace Development) with Conflict of Interest related to Virgin Islands Bribery; (v) Count Five charged Mr. Williams with Bribery in violation of Virgin Islands law; (vi) Count Six charged Mr. Williams and Mr. Sprauve with conspiracy to violate Virgin Islands election (campaign) laws; (vii) Count Seven charged Mr. Williams and Mr. Sprauve with obtaining money under false pretenses, a criminal violation of the Virgin Islands Code; (viii) Count Eight charged Mr. Williams and Mr. Sprauve with embezzlement and falsification of public records; (ix) Count Nine charged Mr. Williams (and Ms. Blackett) with obtaining money under false pretenses, a criminal violation of the Virgin Islands Code (the "Indictment").

10. Mr. Williams was charged in all nine (9) counts of the Indictment and Mr. Sprauve was charged with respect to three (3) counts.

11. Relevant information in the Indictment included:

   a. Paragraph 1 names the Virgin Islands Legislature as the "Enterprise;"

   b. Paragraph 2 classified the Virgin Islands Legislature Senators as members of the Enterprise;

   c. Paragraph 7 describes Mr. Williams as a *leader of the Enterprise who directed other members* [senators] *and associates of the Enterprise in carrying out unlawful … activities …*;

   d. Count VI indentifies Mr. Sprauve as an senior advisor to Mr. Williams with respect to his campaign; and

   e. Counts VII and VIII indentify Mr. Sprauve as a member of Mr. Williams' Legislative Staff.

12. Senator Williams **plead guilty** to Count One (thus, to the commission of eight predicate acts) on January 17, 2013, and Mr. Sprauve **plead guilty** to Count Six on March 20, 2013.

13. Messrs. Williams and Sprauve were sentenced on January 8, 2014, after the District Court *sua sponte* moved the sentencing date from December 13, 2013.

14. Affiant met with Mr. Sprauve on December 28, 2013, in Boca Raton, Florida. Mr. Sprauve represented that he had actual and direct knowledge of the sealed records used in the sentencing of Mr. Williams and himself. Mr. Sprauve was responsible for detailing the ICC Bribes (defined below) payments.

15. At the December 28, 2013 meeting with Affiant, Mr. Sprauve admitted and disclosed to Affiant that the *sealed records* in the Williams Case set forth detailed information about Mr. Williams, other Territorial Senators, and other Virgin Islands Government public officials accepting bribes totaling approximately Twenty Million Dollars ($20,000,000) ("ICC Bribes") to: (i) facilitate forcing Innovative Communication Corporation ("ICC") into involuntary bankruptcy (which occurred on September 21, 2007); (ii) facilitate the sale or acquisition of ICC and its operating entities after ICC was placed in bankruptcy; and (iii) facilitate Virgin Islands Government involvement in the pursuit of criminal charges against the Affiant by the DOJ (the "ICC Bribery"). Mr. Sprauve disclosed and admitted that the ICC Bribery was arranged by the National Rural Utilities Cooperative Finance Corporation ("CFC")/Rural Telephone Finance Cooperative ("RTFC") through a managing member of Alvarez and Marsal and a former Virgin Islands Territorial senator engaged as a consultant to CFC/RTFC.

16. Mr. Stan Springel, a managing member of Alvarez and Marsal, was appointed as the Chapter 11 Trustee of Innovative Communication Company, LLC [BK Case No. 06-3008], and of Emerging Communications, Inc. [BK Case No. 06-30007] on March 15, 2007, and the Chapter 11 Trustee of ICC [BK Case No. 07-30012] on October 4, 2007. Alvarez and Marsal became the Court-appointed accountant for Innovative Communication Company, LLC [BK Case No. 06-3008], and Emerging Communications, Inc. [BK Case No. 06-30007] on May 15, 2007, and the Court-appointed accountant for ICC on November 15, 2007. Alvarez and Marsal had no less than three managing members engaged in one capacity or another with respect to services related to ICC and its affiliates bankruptcy proceedings.

17. At the December 28, 2013 meeting with Affiant, Mr. Sprauve disclosed and admitted to Affiant that during the DOJ's October 5, 2011 raid of Mr. Williams' office, the DOJ obtained access to and documents from the Virgin Islands Legislature's Management Information System in which Territorial senators had engaged in email communication about the ICC Bribery.

FURTHER AFFIANT SAYETH NAUGHT

Dated: November 17, 2014.

                                                                                        _____
                                                                                        Jeffrey J. Prosser, Affiant

**NOTARY PUBLIC**

I am a Notary Public or other person empowered to witness the sworn signature pursuant to law. On this 17TH day of November, 2014, the Affiant did appear before me, and after being identified, did swear upon his oath and sign the Affidavit.

                                                                                        _____
                                                                                        NOTARY PUBLIC
                                                                                        My Commission Expires: 09/02/2016

[Notary Seal: CARLTON W. CHANDLER, MY COMMISSION # EE219783, EXPIRES: September 02, 2016, STATE OF FLORIDA]

Page 6 of 6